IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PATRICIA MCCOLM,<br><br>   Appellant,<br><br> v.<br><br>SARA L. KISTLER,<br>ACTING UNITED STATES TRUSTEE,<br><br>   Appellee.<br>_____/ | No. C 06-06274 SI<br><br>**ORDER AFFIRMING JUDGMENT DENYING DISCHARGE** |

  Debtor-appellant Patricia A. McColm filed for bankruptcy on June 1, 2000. The United States Bankruptcy Court, Northern District of California entered a Judgment and Memorandum Decision Denying Discharge on September 1, 2006. Debtor-appellant subsequently initiated this appeal. After carefully reviewing the record, the Court AFFIRMS the decision of the bankruptcy court and DENIES debtor-appellant's request for oral argument.

**BACKGROUND**

  Ms. McColm filed for relief under the debt reorganization provisions of chapter eleven of the Bankruptcy Code on September 28, 1998. The bankruptcy court converted the case to a debt liquidation case under chapter seven of the Bankruptcy Code, and subsequently discharged Ms. McColm of her debts. Appellant's Opening Brief 2; Appellee's Opp'n 2. The case closed on November 15, 2002. Record on Appeal ("R.A.") United States Trustee document ("UST") 1. On June 1, 2000, Ms. McColm filed a second bankruptcy petition for relief under chapter eleven. R.A. UST 1. On November 8, 2000, the bankruptcy court converted this second petition to a chapter seven case. R.A. UST 5. Debtor-

appellant timely appealed the Order of Conversion to this Court and the case was assigned to the Honorable Judge Martin J. Jenkins. *See In re McColm,* 2003 WL 22939230, at *1 (N.D. Cal. Dec. 5, 2003) (citing *In re McColm,* C 00-4223 MJJ (N.D. Cal. Jan. 31, 2001)). Judge Jenkins dismissed the appeal because debtor-appellant failed to comply with the briefing schedule. *Id*. The Ninth Circuit affirmed the dismissal. *In re McColm,* 2002 WL 31654512, at * 1 (9th Cir. Nov. 22, 2002).

While appeal of the conversion order was pending, the United States Trustee filed a complaint and summons opposing the discharge of debtor-appellant's debts under the second bankruptcy petition, thereby initiating an adversary proceeding. R.A. UST 7. Because Ms. McColm did not respond to the complaint, the United States Trustee requested the court to enter default. R.A. UST 9, 10. The clerk prepared an entry of default, but no default judgment was ever entered. R.A. UST 11, 14. Ms. McColm appealed the entry of default to the Northern District of California, claiming that she never received a complaint. R.A. UST 6, 7. Because no default judgment was ever entered, the Honorable Chief Judge Vaughn R. Walker denied the appeal for lack of jurisdiction and remanded. R.A. UST 14.

On remand the bankruptcy court issued an Order to Show Cause Why Judgment Should Not Be Entered ("OSC"). R.A. UST 15. Ms. McColm's response to the OSC was received by the court one day after the filing deadline. *See* R.A. UST 16. Although the court found that the response was untimely, it nonetheless considered the merits of Ms. McColm's opposition. R.A. UST 17, 18. The court denied discharge pursuant to 11 U.S.C. § 727(a)(8), which bars discharge in a debtor's second chapter seven case filed in an eight year period if the debtor received a discharge in the first case.[1] *Id.* Eight years had not yet passed since the filing of her last bankruptcy case, in which discharge was granted. The Judgment Denying Discharge is the subject of this appeal.

**STANDARD OF REVIEW**

A district court has jurisdiction over appeals from the bankruptcy courts in its district. 28 U.S.C.

---

[1] The bankruptcy court held that debtor-appellant could not receive a discharge because this was the second petition she filed in the past six years. The 2005 Amendments to the Bankruptcy Code changed the relevant time period from six years to eight years. *See* 11 U.S.C. § 727(a)(8). This change does not affect the current analysis, as the petition filed by debtor-appellant here violates both the six year and eight year time frames.

2

§ 158(a), 28 U.S.C. § 1334. In reviewing the decision of a bankruptcy court, the reviewing court examines findings of fact for clear error. Fed. R. Bankr. P. 8013. Conclusions of law are reviewed de novo. *See In re Strand*, 375 F.3d 854, 857 (9th Cir. 2004); *In re Kashani*, 190 B.R. 875, 881 (B.A.P. 9th Cir. 1995).

## DISCUSSION

Debtor-appellant raises four claims on appeal: (1) the Judgment Denying Discharge is void because the underlying order converting the case to a chapter seven case is void; (2) the Judgment Denying Discharge is void because debtor-appellant was denied due process; (3) debtor-appellant was entitled to a briefing schedule and hearing in bankruptcy court; and (4) the bankruptcy judge who presided over her case appeared biased and prejudiced to debtor-appellant.

### I.     Two of These Issues Have Already Been Adjudicated

As an initial matter, the Court notes that two of the issues raised here were previously addressed by the Honorable Judge Maxine M. Chesney of this Court. In December of 2003, debtor-appellant purported to appeal two orders arising out of this bankruptcy case, both issued in December 2000, which authorized the United States Trustee to examine certain persons and entities. *See In re McColm,* 2003 WL 22939230, at *1-*2. Ms. McColm's first argument was that the order converting her case to a chapter seven case was erroneous, and therefore all subsequent orders were erroneous. Judge Chesney rejected this argument because it was a collateral attack on the Order of Conversion, and the Court therefore did not have jurisdiction to review the order. *Id.* The argument was a collateral attack because, as discussed above, debtor-appellant had already appealed the conversion order. Judge Jenkins dismissed her appeal because debtor-appellant failed to meet briefing deadlines. The Ninth Circuit affirmed the dismissal. Judge Chesney found no authority for the proposition that the Court could review the order under such circumstances. *Id.*

Debtor-appellant also argued before Judge Chesney that the orders should be set aside because the bankruptcy judge should have disqualified himself, and asked the Court to disqualify him from participating in future proceedings concerning her. *Id.* at *2. Judge Chesney found no basis for setting

3

aside the orders on this ground and no basis for disqualifying the judge. Debtor-appellant's request for disqualification was based entirely on her disagreement with the judge over the validity of certain orders he issued throughout various identified and unidentified bankruptcy proceedings. Because a judge's adverse ruling are not sufficient grounds for disqualification, Judge Chesney held that the argument lacked merit. *Id.*

The Court agrees with Judge Chesney's rulings, as explained below.

## II.     Validity of Judgment Denying Discharge

A debtor may not receive a discharge in a chapter seven case if the debtor has been granted a discharge in a previous chapter seven case commenced within the past eight years. 11 U.S.C. § 727(a)(8). Debtor-appellant acknowledges this, but contends that the judgment denying discharge is void because the underlying order converting her chapter eleven case to a chapter seven case is void. Appellee United States Trustee characterizes this argument as an improper collateral attack on the Order of Conversion. The Court agrees with appellee, and with Judge Chesney, that the merits of the Order of Conversion are not properly before the Court. Debtor-appellant was unsuccessful in her attempts to appeal the Order of Conversion directly and now attempts to collaterally attack the order in this Court.

Litigants may not collaterally attack the judgments of other courts. *Celotex Corp. v. Edwards,* 514 U.S. 300, 312 (1995); *Rein v. Providian Financial Corp.,* 270 F.3d 895, 902 (9th Cir. 2001). A collateral attack is an objection to an order or judgment that seeks to deny the force or effect of an earlier judgment through a separate proceeding. *In re American Basketball League, Inc.,* 317 B.R. 121, 128 (Bankr. N.D. Cal. 2004). A collateral attack is permissible in only two situations: 1) where the court lacked jurisdiction to issue the order; or 2) where the order had only a "frivolous pretense to validity." *Celotex,* 514 U.S. at 306. If the order is supported by authority, a party's disagreement with the basis for the order is not sufficient to establish a frivolous pretense to validity. *Id.* at 312 n.9.

The Order of Conversion at issue here is not covered by either of the two exceptions. The Ninth Circuit Bankruptcy Appellate Panel has stated in dicta that there is no legal impediment to converting a case to a chapter seven case, even where the conversion would render the debtor ineligible for discharge. *See In re An-Tze Cheng,* 308 B.R. 448, 462 (B.A.P. 9th Cir. 2004), *aff'd* 160 Fed. Appx. 646

4

(9th Cir. 2005) (unpublished table decision). Therefore, the exception for orders that have a frivolous pretense to validity is not applicable here. The other exception, for orders issued by a court lacking jurisdiction, is likewise inapplicable.

Because the Court must respect the order converting debtor-appellant's second case to a chapter seven case, her substantive challenge to the Judgment Denying Discharge fails.

## II.     Due Process Claim

Debtor-appellant next argues that she was denied due process because the United States Trustee did not file a timely objection to the discharge and did not serve her with a copy of the complaint. The United States Trustee responds that the complaint was timely filed on February 12, 2001, and that debtor-appellant was served. Alternatively, the United States Trustee argues that debtor-appellant waived this argument, or that it constitutes harmless error.

### A.     Timely Filing

Both parties agree that a summons and complaint objecting to discharge were filed on January 10, 2001. Whether this complaint was timely is a matter of law that the Court reviews de novo. *See In re Strand*, 375 F.3d 854, 857 (9th Cir. 2004). For cases filed under chapter seven, the deadline to file a complaint objecting to discharge is sixty days after the first date set for the first creditors meeting. *See* Fed. R. Bankr. P. 4004(a). For cases filed under chapter eleven, the complaint must be filed prior to the hearing on confirmation. *See* Fed. R. Bankr. P. 4004(a). Federal Rule of Bankruptcy Procedure 1019(2) provides that when a chapter eleven case is converted to a chapter seven case, a new time period for filing complaints objecting to discharge commences, pursuant to Rule 4004, and the chapter seven deadline applies. *See In re Smith,* 235 F.3d 472, 477 (9th Cir. 2000); *In re DeVoll,* 266 B.R. 81, 93 (Bankr. N.D. Tex. 2001).

Here, when the case was converted, the new deadline became sixty days after the first date set for the creditors meeting. *See* Fed. R. Bankr. P. 1019(2); 4004(a); *In re Smith,* 235 F.3d at 477. The creditors meeting was set for December 13, 2000. Appellee's Opp'n 7. Therefore, the United States Trustee had until February 12, 2001 to file an objection, and the objection filed on January 10, 2001 was

5

timely. Debtor-appellant's continued insistence that the complaint was not timely filed is unfounded.

### B.  Service

Whether debtor-appellant received a copy of the summons and complaint is a question of fact. The bankruptcy court found that debtor-appellant was served the complaint and summons; this Court will only reverse upon a finding of clear error. *See* Fed. R. Bankr. P. 8013. The record contains a proof of service reflecting that debtor-appellant was served a summons. R.A. UST 8-9. Although not stated in the proof of service, the record reflects that the complaint was attached to the summons. R.A. UST 7-9. Therefore, the bankruptcy court did not commit clear error in ruling that debtor-appellant was properly served.

### C.  Harmless Error

Moreover, even if the United States Trustee did not timely file the complaint or serve the complaint on debtor-appellant, the Court would still affirm the Judgment Denying Discharge because these failures would constitute harmless errors. The Court must disregard errors that do not affect the substantial rights of the parties. *See* Fed. R. Bankr. P. 9005; Fed. R. Civ. P. 61. A failure to file and serve the complaint would be prejudicial if debtor-appellant consequently failed to respond, and the bankruptcy court then entered default judgment. Debtor-appellant here, however, was not denied a discharge as a result of a default judgment entered against her;[2] she was denied a discharge because she was ineligible to receive one as a matter of law, for the reasons set forth in the Judgment Denying Discharge.

## III.  Briefing Schedule and Hearing

As discussed above, the bankruptcy court found that appellant's Memorandum of Points and

---

[2] The bankruptcy court did not enter a default judgment against debtor-appellant. In 2001, debtor-appellant appealed an order of default judgment, but Judge Walker dismissed the appeal for lack of jurisdiction because no default judgment had been entered. R.A. Debtor-Appellant Doc. 13. Debtor-appellant cited multiple issues on appeal, one of them being that she was never served the order of default judgment. R.A. Doc. 11. As the court noted, "McColm appealed an order which she had not seen." R.A. Doc. 13.

6

1 Authorities in Response to the OSC was untimely. Debtor-Appellant argues that her response to the
2 OSC was timely filed, but the clerk mistakenly characterized it as untimely. The Court reviews the
3 bankruptcy court's finding of fact for clear error. *See* Fed. R. Bankr. P. 8013.

4 Debtor-appellant's response to the OSC was due on August 30, 2006. R.A. DA 17. If no
5 response was filed by the deadline, the court explicitly indicated that it would deny discharge pursuant
6 to 11 U.S.C. § 727(a)(8). *See id.* The United States Postal Service tracking report in the record reflects
7 that debtor-appellant's Memorandum was delivered on August 31, 2006, one day late. R.A. DA 20.[3]
8 Therefore, we find no clear error in the bankruptcy court's finding that the Memorandum was not timely
9 filed.

10 Moreover, even if the bankruptcy court erred in finding that the Memorandum was untimely
11 filed, the error would have been harmless and the Court would disregard it. *See* Fed. R. Bankr. P.
12 9005; Fed. R. Civ. P. 61. Notwithstanding the untimely objection, the bankruptcy court considered the
13 merits of appellant's objection in the Memorandum Decision Re Denial of Discharge. R.A. DA 17. The
14 court concluded that the objections raised were without merit, and the untimely filing therefore did not
15 affect the outcome of the Memorandum Decision.

**IV.   Qualification of the Bankruptcy Judge**

Lastly, debtor-appellant alleges that the bankruptcy judge exhibited prejudicial behavior barred
by 28 U.S.C. § 455(b)(1).[4] She argues that the alleged prejudicial behavior is grounds for reversal and
requests that the Court disqualify the bankruptcy judge from presiding over any other hearing involving
debtor-appellant. Section 455 (a) - (b)(1) provides that a bankruptcy judge should disqualify himself

---

[3] According to the tracking report, the status of the Memorandum on August 30 was "Arrival at Pick-Up-Point." Debtor-appellant contends that "Arrival at Pick-Up-Point" means that the Memorandum was in the post office box, and the clerk failed to gather the mail that day. In fact, "Arrival at Pick-Up-Point" signifies that the Memorandum had arrived at the *post office* and was available for delivery by the mail carrier. *See* http://www.usps.com/ (follow "Track & Confirm" hyperlink; then follow "FAQs" hyperlink; then follow "Guidelines for Tracking an Item" hyperlink; then follow "Common tracking terms defined" hyperlink).

[4] Debtor-appellant also alleges that the bankruptcy judge exhibited prejudicial behavior barred by 28 U.S.C. § 144. Section 144 does not apply to bankruptcy judges. *See* Fed. R. Bankr. P. 5004(a); *In re Smith,* 317 F.3d 918, 932 (9th Cir. 2004); *In re Goodwin,* 194 B.R. 214, 221 (B.A.P. 9th Cir. 1996).

7

or herself where the judge's impartiality might reasonably be questioned or where the judge has personal bias or prejudice concerning a party. *See In re Smith,* 317 at 932. A bankruptcy judge's decision not to disqualify himself or herself is reviewed for abuse of discretion. *See e.g., In re Focus Media, Inc.,* 378 F.3d 916, 929 (9th Cir. 2004); *In re Goodwin,* 194 B.R. at 220.

As discussed above, Judge Chesney already addressed this issue. *See In re McColm,* 2003 WL 22939230, at *2. For largely the same reasons that Judge Chesney previously denied debtor-appellants requests for recusal, the Court finds that the bankruptcy judge did not exhibit prejudice or bias amounting to a violation of § 455(b)(1).

The Ninth Circuit applies a reasonable person test to decisions regarding the disqualification of a bankruptcy judge. *See Hamid v. Price Waterhouse,* 51 F.3d 1411, 1416 (9th Cir. 1995)*; In re Goodwin,* 194 B.R. at 222. A judge is only disqualified where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably questioned. *Id.* In addition to vague complaints of "prejudicial orders," taking actions while "oblivious of debtor's rights," "lack of care," and "improper opinion," debtor-appellant cites the following actions by the bankruptcy judge as evidence of bias and prejudice:

(1) Writing a letter to the Court of Appeals supporting a pending decision in an unrelated case, *In re Smith,* 235 F.3d 472 (9th Cir. 2000), that purportedly demonstrates the bankruptcy judge's knowledge that his actions were wrongful.

(2) Ordering the conversion of the chapter eleven case to a second chapter seven case.

(3) Rescheduling the status conference from January 26, 2001 to March 30, 2000 [sic - 2001].

(4) Alleging that debtor-appellant's Election to Appeal to the U.S. District Court was missing from the appeal document package.

(5) Failing to acknowledge the alleged clerical error regarding her untimely response to the OSC.

(6) Failing to assign the review of the disqualification motion to another judge.

The Court addresses each accusation in turn:

(1) It is unclear how a letter written by the Bankruptcy Judge in support of a pending decision in *In re Smith* reflects bias and prejudice. *In re Smith* dealt briefly with deadlines for filing objections

8

1  to discharge. *Id.* at 477. As discussed, the bankruptcy judge ruled in compliance with *In re Smith* on this issue in this case. *See supra* Section II. A., ¶ 2. Debtor-appellant's suggestion that writing this letter demonstrates knowledge of wrongful action and a biased and prejudicial attitude is untenable.

(2) Debtor-appellant's accusations of bias and prejudice regarding the bankruptcy judge's decision to order conversion amount to little more than disagreement with the judge's rulings. Judicial rulings alone are rarely a valid basis for inferring bias or partiality. *In re Smith,* 317 F.3d at 930. Moreover, although this Court declines to review the merits of the Order of Conversion, there is legal authority which suggests that the issuance of the Order was proper. *See In re An-Tze Cheng*, 308 B.R. at 462. The Court also notes that, as discussed above, debtor-appellant previously attempted, unsuccessfully, to have the bankruptcy judge disqualified due to her disagreement with his rulings. *See In re McColm,* 2003 WL 22939230, at *2.

(3) The record does not reflect an improper purpose behind the decision to reschedule the status conference. Debtor-appellant acknowledges that the reason is "mysterious." Absent any showing of improper purpose, a reasonable person would not conclude that postponing a status conference is an indication of bias.

(4) Similarly, a reasonable person would not find prejudice in the court's notation that the Election to Appeal to the US District Court was not included with the other documents. The notation is either a statement of fact or a technical error; it is not an act of bias. Moreover, the bankruptcy appellate panel transferred the case to this Court, despite the notation that the Election to Appeal was not included.

(5) This issue is fully addressed above. *See supra* Section III.

(6) Lastly, debtor-appellant cites *United States v. Sibla,* 624 F.2d 864, 868 (9th Cir. 1980), for the proposition that a failure to assign review of a disqualification motion to another judge is alone good cause for disqualification. In fact, that case holds that section 455 "includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under § 455, that judge has a duty to recuse himself or herself." *Sibla,* 624 F.2d at 868. There is no requirement that a judge assign the disqualification determination to another judge. *See id.* A reasonable person with knowledge of all the facts would likely conclude, given the unsubstantiated

9

claims of bias, that no serious threats to impartiality were present and assignment of review to another judge was unnecessary.

None of the actions cited by debtor-appellant would lead a reasonable person to conclude that the bankruptcy judge's impartiality might reasonably be questioned. Debtor-appellant was dissatisfied with some of the rulings made by the judge and unhappy with the outcome of the proceedings. A difference of opinion about the propriety of legal orders is not sufficient to establish impartiality. *See In re Smith,* 317 F.3d at 930. There was no abuse of discretion in the bankruptcy judge's decision not to disqualify himself.

## V.    Request for Oral Argument

Oral argument is allowed unless the district court judge determines, after examining the briefs and records, that oral argument is unnecessary. Fed. R. Bankr. P. 8012. After carefully reviewing the briefs and record, this Court has determined that oral argument would not significantly aid the decision-making process and accordingly DENIES debtor-appellant's request for oral argument as unnecessary.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court AFFIRMS the Judgment Denying Discharge. (Docket No. 1).

**IT IS SO ORDERED.**

Dated: March 7, 2007

SUSAN ILLSTON
United States District Judge